IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

PATRICK D. FLUKER                                                              PETITIONER

VS.                                                        CIVIL ACTION NO. 2:17cv3-KS-FKB

JACQUELYN BANKS                                                              RESPONDENT

## REPORT AND RECOMMENDATION

Patrick D. Fluker entered a plea of guilty in the Circuit Court of Forrest County, Mississippi, to one count of armed robbery. By orders dated February 13, 2007, he was convicted and sentenced to serve a term of 20 years in the custody of the Mississippi Department of Corrections, with 15 years to serve, five years suspended, and five years on post-release supervision. He now brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a motion to dismiss the petition as untimely. Having considered the motion, the response, and the reply, the undersigned recommends that the motion be granted and the petition dismissed with prejudice.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitation for petitions for writs of habeas corpus under 28 U.S.C. § 2254:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Fluker's conviction became final on March 15, 2007 (thirty days after his conviction), and his one-year limitations period began to run that day.[1] He had one year from that date, or until March 17, 2008, in which to file for federal habeas relief, subject to tolling for any period during which a properly-filed motion for post-conviction relief was pending in the state court.[2] On April 17, 2007, Fluker signed and sent in for filing in the state trial court a motion for reconsideration of his sentence. The trial court dismissed the motion, and Fluker appealed. The Mississippi Court of Appeals affirmed on August 25, 2009. *Fluker v. State*, 17 So. 3d 181 (Miss. Ct. App. 2009). The mandate was issued on September 29, 2009. Therefore, under § 2244(d)(2), Fluker is entitled to 897 days of statutory tolling for the time period during which his state court

---

[1] By statute, there is no direct appeal from a guilty plea in Mississippi. *See* Miss. Code Ann. § 99-35-101. However, at the time of Fluker's guilty plea, the Mississippi Supreme Court recognized an exception to this prohibition, allowing an appeal within 30 days of the sentencing order when the issue concerned an allegedly illegal sentence. *See, e.g., Acker v. State*, 797 So. 2d 966 (Miss. 2001). (This exception no longer exists for guilty pleas taken after July 1, 2008. *See* Miss. Code Ann. § 99-35-101; *Seal v. State*, 38 So. 3d 635 (Miss. Ct. App. 2010)). Therefore, at the latest, Fluker's conviction became final when his 30-day period for seeking review of his sentence expired.

[2] One year from March 15, 2007, fell on a Saturday. Thus, the one-year deadline for filing would have been the next business day, Monday, March 17, 2008.

post-conviction action was pending.[3]   His AEDPA statute of limitations expired on August 31, 2010 (one year from March 15, 2007, plus 897 days).  Fluker did not file his federal habeas petition until on or after January 4, 2017.[4]

In response to the motion to dismiss, Fluker makes several arguments.  First, he argues that his one-year time period did not begin to run until his three-year period for filing for state post-conviction relief had run.  There is no support in the statute for this reasoning, and the Fifth Circuit has rejected it.  *See Green v. Booker*, 194 F.3d 1309 (5th Cir. 1999).  Next, Fluker attempts to include additional days in his period of tolling under § 2244(d)(2) by counting the time in which state court filings made by him in 2013, 2014, and 2016 were pending.  These filings could not have tolled the limitations period, as they were made after his limitations period had already expired.

Fluker attempts to invoke equitable tolling by arguing that he is proceeding *pro se* and lacked the experience and knowledge necessary to have filed in a timely manner. In order to avail himself of the doctrine of equitable tolling, Fluker must show that in spite of diligently pursuing his rights, some extraordinary circumstance prevented him from timely filing.  *Holland v. Florida*, 560 U.S. 631, 649 (2010).  The Fifth Circuit has stated on numerous occasions that ignorance of the law or the fact of proceeding *pro se* do not constitute exceptional circumstances warranting equitable tolling under

---

[3] Fluker filed a second motion challenging his guilty plea on August 20, 2008.  It was dismissed on March 16, 2009.  Thus, its pendency fell within the time during which his earlier motion was pending,

[4] Under the mailbox rule, a prisoner's *pro se* federal habeas petition is deemed filed on the date he delivers the petition to prison officials for mailing to the federal district court.  *Coleman v. Johnson*, 184 F.3d 401 (5th Cir. 1999).  Thus, Fluker's petition was "filed" sometime between the date it was signed, January 4, 2017, and the date it was received and filed by this court, January 10, 2017.

3

§ 2244(d). *See, e.g., Scott v. Johnson*, 227 F.3d 260, 263 n. 3 (5th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 172-73 (5th Cir. 2000).

Finally, Fluker claims that his failure to meet the one-year deadline should be excused because he did not have access to an adequate law library or legal aid. The Fifth Circuit has recognized that the failure of a prison to provide information about AEDPA's one-year deadline may constitute a "state-created impediment" warranting statutory tolling under § 2244(d)(1)(B). *See Egerton v. Cockrell*, 334 F.3d 433, 438-39 (5th Cir. 2003). But Fluker's allegations amount to no more than a general allegation that the prison law library and legal aid services were inadequate. In order to avail himself of statutory tolling, Fluker must establish that the lack of adequate legal materials or legal aid actually *prevented* him from meeting the filing deadline. *See Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011). Fluker's general statements about deficiencies in legal assistance fall far short of the necessary showing.

In summary, Fluker's petition was filed after the expiration of his one-year time period, and he has failed to establish that he is entitled to equitable or statutory tolling or that any other exception applies. Accordingly, the undersigned recommends that the motion to dismiss be granted and that the petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R.

Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Respectfully submitted, this the 17th day January, 2018.

                                      <u>s/ F. Keith Ball</u>
                                      United States Magistrate Judge